**Helmut MUELLER et al., Petitioners,**

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

No. 6388.

United States Court of Appeals
First Circuit.

Submitted Nov. 16, 1964.

Decided Dec. 2, 1964.

Gabriel T. Pap, New York City, on brief for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, David O. Walter and Howard J. Feldman, Attys., Dept. of Justice, on brief for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is a petition to review a determination of income tax deficiency by the Tax Court. Petitioners, hereafter taxpayers, are scientists who received during the tax years payments from a nonprofit organization, The Institute for Muscle Research, Inc., hereafter Institute. Throughout the periods in question taxpayers were engaged in research. at the Institute's laboratory in Woods. Hole, Massachusetts. They were paid,. monthly, what the Institute termed. "awards." While taxpayers were undoubtedly chosen initially on the basis. of their experience and achievements, their selection was not based upon any formal competition, or as a result of any contest. Their research activity at the laboratory was required to be, according to the undisputed testimony of the Institute's director of research, "something which contributed to our common ideas." If it did contribute, the "awards" might. continue indefinitely. On the other hand if performance failed to live up to the director's "expectations," or if a taxpayer chose to work elsewhere, his "award" terminated forthwith.

■ The Tax Court held that the payments received from the Institute were not tax exempt within 1954 I.R.C. § 74 because it found that they were conditioned on the "render[ing of] substantial future services." Sec. 74(b) (2). This finding was warranted. The court was not obliged to take at its face value taxpayers' claim that they were not rendering services to the Institute, but were simply engaged in research that would benefit, as one of them put it, "mankind." Obviously within the meaning of this statute, cf. Robertson v. United States, 1952, 343 U.S. 711, 72 S.Ct. 994, 96 L.Ed. 1237, it could benefit both. It is equally clear that taxpayers could be found to be receiving wages for work currently performed as distinguished from a true award, prize or gift for past performance.

We have reviewed taxpayers' procedural and evidentiary questions and do not find them to call for discussion.

Judgment will be entered affirming the decision of the Tax Court.